## Holton Estate

486

490

492

*C. Brewster Rhoads*, for exceptants.

*Norman H. Brown* and *H. Ober Hess*, contra.

*Alexander Brodsky*, for guardian ad litem and trustee ad litem.

LEFEVER, J., January 9, 1959.—The issue before the court is whether the use of the term "descendants" in the instant will gives exceptants, children of testator's son, Howard, adopted by him after testator's death, a right in the disputed trust corpus. After careful study of the record, the briefs of counsel and the comprehensive adjudication in this case, and the record, briefs of counsel and exhaustive opinion of the Supreme Court in Collins Estate, 393 Pa. 195, we unanimously agree with the learned auditing judge that the exceptants have no such right.

A cursory reading of Collins Estate would indicate that it is on point because the term "descendants" frequently appears in both wills, and the Supreme Court squarely rules that "descendants" in Collins Estate includes children adopted by a "person other than testator" after testator's death. However, further study reveals a basic difference between the two cases. The primary remainder gift in Collins Estate is to "surviving descendants" of testator's children. In contrast, the primary remainder gift in the instant case is to testator's son's children and descendants of predeceased children. As pointed out by the learned auditing judge, this difference is vital. It bears both upon the applicability of section 16(*b*) of the Wills Act of June 7, 1917, P. L. 403, and upon testator's intention.

It was conceded by everyone involved that section 16(*b*) of the Act of 1917 was inapplicablbe in Collins Estate. This clearly appears in the opinion of the lower court, in the brief of appellants, whose appeal was sustained and, most important, in the opinion of the Supreme Court which states, page 207: "Although

both the Intestate and Wills Act [of 1917] are inapplicable to the instant factual situation. . . ." It is evident, therefore, that the decision in Collins Estate is not based upon construction of the Wills Act of 1917, but upon interpretation of the particular facts in that case.

In contrast, the instant case falls precisely within the express language of section 16(b) of the Wills Act of 1917, namely, the primary remainder gift is "to the child or children of . . . [a] person other than the testator, without naming such child or children." The legislative policy with regard to the rights of after-adopted children under wills has been clear, positive and consistent since 1917.* Such firmly established policy of law will not be lightly overturned. Moreover, it is not the prerogative of the courts to set aside a legislative mandate. Certainly, it was not done in Collins Estate.

It has been urged that since the alternate language in paragraph eleventh of testatrix' will uses the term "descendants", viz.: ". . . in the event of the decease of my said son without leaving descendants him surviving or leaving descendants they should not survive to take principal hereunder, to pay over, assign and transfer one-half (½) of the corpus or principal of the fund . . .", and since the term "descendants" in Collins Estate was held to include after-adopted children, there is a gift in the instant will to exceptants.

---

* Although the Wills Act of 1947 is inapplicable to the instant case, it is substantially the same as section 16 (b) of the 1917 Act. It extends the period for adoption of children by a person other than testator to make them eligible to take as "children" of such person to the date of testator's death, rather than to the date of testator's will as provided in the Wills Act of 1917. However, individuals adopted by such person after testator's death do not qualify as "children" in either act.

However, it is clear that the only rights of exceptants are as *children or descendants of deceased children* of Howard. They cannot by implication elevate themselves into a broader class described as "descendants", because there can be no gift by implication where there is express language covering the situation.

Exceptants also argue that the difference in language used by testator in paragraph eleventh and paragraph twelfth of his will evidences "a contrary intention", so as to take this case out of section 16(*b*) of the Wills Act of 1917. Analysis of these paragraphs does not support this position. Testator, when writing his will, knew that his son, John, was dead and that his son, Howard, was alive. Moreover, testator was apparently aware of the fact that the marriage of his son, Howard, and his wife, Mary, was and probably would continue to be childless. Hence he selected language appropriate to the different situations, and in particular he made special provision in paragraph eleventh that if there were no takers under the clause "children of my said son living . . . and children of my said son then dead represented by descendants then living", Howard would have a power of appointment over one-half of the corpus of his trust, and Howard exercised this power. Testator granted no power of appointment in paragraph twelfth. It follows that the instant will does not indicate an intention upon the part of testator that section 16(*b*) of the Wills Act of 1947 should not apply. This is unlike Collins Estate where the Supreme Court ruled that the express language of the will disclosed testatrix' intention to broaden the meaning of the word "descendants" to apply to children adopted by her children subsequent to her death.

For the reasons so well stated by the learned president judge in his scholarly adjudication, and the reasons set forth herein, we conclude that Howard's

adopted children are not entitled to take under the provisions of testator's will.

Accordingly, the exceptions are dismissed and the adjudication is confirmed absolutely.